WEEKS HARDWARE COMPANY, Respondent, v. C. E. WEEKS et al., Appellants.

Kansas City Court of Appeals, January 11, 1909.

**TRIAL AND APPELLATE PRACTICE: Bill of Exceptions: Extension of Time to File: Nunc Pro Tunc Order.** On examination of the record an order extending the time to file bill of exceptions is held to have been made too late—that is after the expiration of the former extension. *Held*, further, that a *nunc pro tunc* order found in the record was insufficient to cure the defect since it merely required the order of record to show the judge's minutes and the appellate court is bound by the record proper and not by the minutes of the Judge.

Appeal from Jasper Circuit Court.—*Hon. Hugh Dabbs, Judge.*

AFFIRMED.

*H. W. Currey* and *Frank L. Forlow* for appellant.

*Perkins & Blair* and *Howard Gray* for respondent.

There has been no legal bill of exceptions filed in this case. This being the situation there is nothing for this court to consider except the record proper. Doherty v. Robb, 154 Mo. 365; Powell v. Sherwood, 162 Mo. 605; State v. Apperson, 115 Mo. 470; State v. Scott, 113 Mo. 559; Dorman v. Coon, 119 Mo. 68; State v. Britt, 117 Mo. 584; State v. Mosley, 116 Mo. 545; State v. Seaton, 106 Mo. 198.

ELLISON, J.—In this case the judgment in the trial court was for the plaintiff, at the June, 1907, term and thereupon the defendants appealed to this court. They did not file a bill of exceptions at that term but the court ordered that they have leave to file on or before the 3rd day of the next (November) term. The November term began on the 18th of that month and on that day the court made an order extending the time thirty days from that date, which would expire on December 18th. On December 19th the court made another order extending the time to January 19, 1908, and within the latter time the bill was filed.

The record of the court thus made shows defendants to be without a legal bill of exceptions. The time expired on December 18th, and the court had no authority to grant a further extension on the 19th. The order of extension should have been asked for and obtained before the time expired.

This rule is not denied, but defendants claiming the record of the trial court did not truly state what had transpired there, went before that court, while the case was pending here on this appeal, and asked for a *nunc pro tunc* order, making the record show what is claimed to be the order as really made. That claim is this: That the first extension reached to the third

day of the term, which would be the 20th of November, and that before that time expired, to-wit, on the 18th of November, they obtained the order extending the original time thirty days from the 20th of November, which would carry the time up to the 20th of December. But that the record was made to read thirty days from "*this date,*" that is, from November 18th, making the time expire December 18th.

This claim was made in a motion for a *nunc pro tunc* order and on a hearing the trial court refused such order, as appears by the supplemental abstract filed here, showing this:

"The court after hearing the evidence adduced, sustains said motion to the following extent, to-wit:

"The court finds the facts to be that on the 18th day of November, 1907, it being the first day of the November term of this court, the judge of said court on the judge's docket entered the following minute in the above-entitled cause, to-wit: 'For good cause shown it is ordered by the court that the time for filing of the bill of exceptions in this cause be and the same is hereby extended thirty days.'

"And the court further finds from the records of said court that the clerk of this court in writing up the order and record so as aforesaid made in said cause, entered it in the following words, to-wit: 'For good cause shown it is ordered by the court that the time for filing the bill of exceptions in this cause be and the same is hereby extended thirty days from this date.'

"It is therefore ordered and adjudged by the court that the record in said cause be and the same is amended *nunc pro tunc* so that the same show the minutes of the judge on which said order and record by the clerk was based."

This is not an order *nunc pro tunc* making the record read as defendants contend it should read. It is merely an order making the record show the minutes of the judge as well as the record proper made up by

the clerk.  It will be observed that the court did not make an order correcting the record and cause a new entry of an order.  The action taken on the *nunc pro tunc* motion amounts to nothing and the evidence taken cannot help out the action of the court.  The "judge's minutes" show time was extended on the 18th, but do not say whether from that day or the day when the original time expired.  The record proper, which is no less than the language of the court in writing, says the 18th, and this we must look to for the fact, in the absence of a finding in the *nunc pro tunc* proceeding to the contrary.  In this court we must accept the record of the trial court as made, and cannot correct it.  Nor can we allow any force to an unexplained minute kept by the judge, as against the record proper.

There being no bill of exceptions, and no error appearing in the record proper, the judgment is affirmed.  All concur.